# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **MARKAYLA ROWLAND**<br>11518 Imhoff Court<br>Cincinnati, Ohio 45240 | CASE NO.<br><br>JUDGE |
| Plaintiff, | MAGISTRATE |
| vs. | **COMPLAINT FOR DAMAGES**<br>**(Jury Demand Requested)** |
| **JAKE SWEENEY AUTOMOTIVE, Inc.**<br>**d/b/a JakeSweeney.com**<br>℅ Josh Sweeney<br>Registered Agent<br>85 West Kemper Road<br>Cincinnati, OH 45246 | |
| AND | |
| **ALLY BANK**<br>℅ CT Corporation System, Registered Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43215 | |
| AND | |
| **THE HUNTINGTON NATIONAL BANK**<br>℅ Stephen D. Steinour, Chairman<br>17 S., High Street<br>Columbus, Ohio 43216 | |
| AND | |
| **SANTANDER CONSUMER USA, INC.**<br>**d/b/a Chrysler Capital**<br>℅ CT Corporation System, Registered Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43215 | |
| Defendant(s) | |

Plaintiff Markayla Rowland ("Plaintiff" or "Rowland"), through Counsel and for his Complaint for Damages against Defendants Jake Sweeney Automotive Inc., Ally Bank, Huntington Bancshares Financial Corporation, and Santander Consumer USA, Inc. (collectively "Defendants") hereby states as follows:

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. The distinction between a "soft" and "hard" credit inquiry is substantial. Specifically, a "hard" inquiry reduces a consumer's credit score, remains on credit reports for two years, and contains substantially more information (that is confidential and personal) than a "soft" inquiry. Further a "soft" inquiry does not appear on a credit report to any inquiring party[1], and does not lower an individual's credit score. See 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(c)

4. Moreover, a "hard" inquiry reduces a consumer's credit score, and remains on credit reports for two years, while a "soft" inquiry does neither.

5. Indeed, it is well established that merely inquiring about the possibility of a future transaction, or shopping for rates, is insufficient to satisfy the requirement of the FCRA to initiate the kind of full credit inquiry that is allowed when a consumer has initiated a transaction.

6. Over fifteen years ago, the FTC opined that a customer who "'comes to an automobile dealership and requests information from a salesman about one or more automobiles" had not initiated a transaction sufficient to allow the dealership to pull a credit report.[2]

7. Rowland brings this action against Defendant Sweeney for its unilateral decision following the expiration of the terms of the "spot delivery" contract to compel multiple unauthorized hard pulls on Rowland's credit by the other Defendants.

8. Rowland brings this action against all other Defendants for the unauthorized hard pulls which have caused significant and potentially irreparable damage to his credit.

**PARTIES, JURISDICTION, AND VENUE**

---

[1] A "soft" inquiry is only visible to the individual whom the credit report relates. As such, no inquiring party is able to view the "soft" inquiries, especially the number of soft inquiries that has occurred.

[2] FTC Letter to Coffey (Feb. 11, 1998), available at
http://www.ftc.gov/policy/advisoryopinions/advisory-opinion-coffey-02-11-98/) (last visited February 8, 2021)

9. Plaintiff Markayla Rowland ("Rowland") is a natural person residing in Cincinnati, Ohio. Rowland is a "consumer" as that term is defined by 15 U.S.C. 1681a(c).

10. Defendant Jake Sweeney Automotive, Inc., ("Sweeney") is a domestic corporation incorporated under the laws of the State of Ohio with its principal place of business located at 33 West Kemper Road, Cincinnati, Ohio 45246. Sweeney is the owner of the registered trade name of JackSweeney.com aka Jack Sweeney Chrysler, Dodge, Jeep and RAM, which is one of Sweeney's dealerships in Cincinnati, Ohio. All of Rowland's interactions with Sweeney were through Jack Sweeney Chrysler, Dodge, Jeep and RAM.

11. Defendant Ally Bank ("Ally") is a nationally chartered bank incorporated under the laws of the State of Utah with its principal place of business located in Detroit, Michigan.

12. Defendant THE HUNTINGTON NATIONAL BANK is a Federally Chartered National Bank headquartered in Columbus, Ohio.

13. Huntington is a wholly-owned subsidiary of Huntington Bancshares, Inc.

14. Defendant Santander Consumer USA, Inc. ("Santander") is a foreign corporation incorporated under the laws of the State of Illinois with its principal place of business in Dallas, Texas. Santander is also the owner of the registered trade name of Chrysler Capital. All of Rowland's interactions with Santander were through Chrysler Capital.

15. Defendant U.S. Bank, National Association ("U.S. Bank") is a federally chartered bank incorporated under the laws of the State of Delaware with its principal place of business in Eagan. MN.

16. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331;

4

17. This Court has supplemental jurisdiction to hear all state law statutory and common law claims pursuant to 28 U.S.C. §1367.

18. Venue lies in this District pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

## FACTUAL BACKGROUND

19. Rowland incorporates the allegations contained in Paragraphs 1 through 18 as if fully restated herein.

20. On or around March 3, 2021, Rowland visited the dealership of Jack Sweeney Chrysler, Dodge, Jeep and RAM with the intention of inquiring about the purchase of a Cargo Van,

21. While visiting the dealership, Rowland was interested in potentially purchasing a 2021 Ram ProMaster Cargo Van. As she would require financing to purchase the van, he consented to the dealership's financial department to obtain her consumer report.

22. Consistent with that visit, Jack Sweeney Chrysler, Ally Financial, Santander via Chrysler Capital, and Huntington National Bank all made credit inquiries with Rowland's consent.

23. At the dealership, Rowland was told that she did not qualify for financing.

24. As Rowland is attempting to build her credit score, she is continuing to monitor her credit report.

25. On or around January 19, 2022, Rowland received a credit alert that Jake Sweeney Chrysler Jeep Dodge had attempted another credit request.

26. Upon checking his credit report, Rowland found that Jack Sweeney, Ally, Chrysler Capital, and Huntington all had conducted "hard pulls" of his TransUnion Consumer Report. *See* Exhibit 1.

27. In reviewing these alerts on January 19, 2022, Rowland was shocked to find all of these inquiries were made without her permission.

28. Rowland contacted Sweeney and expressed her frustration with the January 19, 2022 hard pulls and spoke to a representative.

29. The Sweeney representative acknowledged the hard pulls but was unable to explain why and said that he was going to reach out to management.

30. To date, Rowland has not been contacted by the Sweeney dealership following this January 19, 2022 call to discuss the hard pulls.

31. On or around January 19, 2022, Rowland received a letter from Jake Sweeney Chrysler Jeep Dodge notifying Rowland of the denial of credit, her credit score, and the specified reason according to Equifax, Experian and TransUnion for the denial. *See* Exhibit 2

32. On or around January 27, 2022, Rowland received a letter from Huntington detailing the denial. According to the letter, Huntington denied the loan request because Rowland had recently filed a bankruptcy. *See* Exhibit 3.

33. On or around February 2, 2022, Rowland received a letter from Ally Bank denying Rowland's credit request. *See* Exhibit 4.

34. On or around February 13, 2022, Rowland received a letter from Chrysler Capital denying Rowland's credit request. *See* Exhibit 5.

35. The actions originated by Sweeney and performed by each of the Defendants have proximately caused Rowland to suffer actual damages in the form of credit damage noted in

Paragraphs 31 through 34 above, in Exhibits 4 and 5 attached, as well as proactive delays in obtaining credit as Rowland's credit score remains artificially depressed by the actions of the Defendants and he remains reluctant to apply for credit given the high interest rates he will receive.

36. The actions of Sweeney and the other Defendants have additionally caused Rowland to suffer actual non-economic damages in the form of frustration, anxiety, and fear that he will wake up every day concerned that Sweeney will continue to submit unauthorized credit applications and further harm his credit.

## COUNT ONE
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - ALL DEFENDANTS
## 15 U.S.C. § 1681, *et seq.*

37. Rowland restates the allegations contained in Paragraphs 1 through 36 as if fully restated herein.

38. Plaintiff is a "consumer" as defined by the FCRA.

39. Each Defendant is a "person" as defined by the FCRA.

40. Each Defendant's conduct violates both 15 U.S.C. § 1681q and 15 U.S.C. § 1681b by obtaining a consumer report under false pretenses by intentionally misleading Plaintiff, or knowingly without a permissible purpose and without authorization from Plaintiff.

41. Based upon the allegations contained herein, every act to obtain Plaintiff's Consumer Report beyond the initial March 3, 2021 credit inquiry by Sweeney was willful. Sweeney knew it was not authorized to request Rowland's credit report and acted in deliberate deliberate or reckless disregard of its obligations and the rights of Rowland. *See* Exhibits 1 through 5 generally.

42. Each other defendant, through an employee, performed a hard pull on Rowland's Credit on January 19, 2022. *See* Exhibit 5.

43. Each Defendant's actions are separate and distinct as each act performed by Sweeney and the individual defendant is a violation of 15 U.S.C. 1681n(a)(1)(B).

44. Based on the allegations above, *supra*, the Plaintiff has suffered actual damages as a result of the conduct of the Defendants including, but not limited, to:

    a. Diminished credit scores since January 19, 2022 which has prevented the Plaintiff from seeking further opportunities for credit.

45. As each Defendant has violated 15 U.S.C. 1681n(a)(1)(B), each Defendant is liable to Rowland for actual damages in an amount to be determined at trial but at least $1,000.00.

46. In addition to the actual damages above, each Defendant is jointly and severally liable for an award of punitive damages in an amount to be determined at trial.

47. In addition to the actual damages and punitive damages above, each Defendant is liable for Rowland's attorneys fees and costs.

## COUNT TWO: AGAINST ALL DEFENDANTS
### Intrusion Upon Seclusion

48. Rowland realleges and incorporates all of the allegations contained in Paragraphs 1 through 47, as if fully contained herein.

49. Based on the allegations above between January 2022 to the present each Defendant intentionally interfered with the solitude, seclusion or private concerns or affairs of Rowland. Specifically each Defendant, as instructed improperly by Sweeney, who had no express authority to obtain Rowland's Credit, performed a hard pull which the parties knew or

should have known was unauthorized and would proximately cause harm to Rowland's credit score and as demonstrated by Exhibit 5, his ability to obtain credit.

50. The actions of Sweeney and the other Defendants into Rowland's affairs occurred in such a way that would be highly offensive to a reasonable person. A reasonable person would not believe that once their contractual obligation ended with Sweeney that Sweeney and at least three (3) other creditors would continually attempt hard pulls on his credit.

51. The actions of the Defendants described above are a direct result into Rowland's personal affairs and each Defendant is liable, as applicable, for actual damages in an amount to be determined and for an amount of punitive damages to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Markayla Rowland respectfully requests an Order against Defendants Jake Sweeney Automotive Inc., Ally Bank, The Huntington National Bank and Santander Consumer USA, Inc. as follows:

A. For actual damages in a total amount to be proven at trial against each Defendant jointly and severally for the allegations contained in Counts One and/or Count Two;

B. For an award of actual damages of at least $200.00 against Defendant Sweeney for the allegations contained in Count Three;

C. For an award of statutory damages of $1,000.00 against each Defendant, as applicable, for the allegations contained in Count One;

D. For an award of punitive damages in an amount to be determined at trial against each Defendant jointly and severally as liable for the allegations contained in Count Two;

E. For an award of statutory non-economic damages of $5,000.00 against Defendant Sweeney for the allegations contained in Count Three;

    F.    For an award of treble damages against Defendant Sweeney for the allegations contained in Count Three;

    G.    For an award of Rowland's reasonable costs of litigation and attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against each Defendant as applicable for each violation of the FCRA contained in Count One and/or alternatively against Defendant Sweeney for the allegations contained in Count Three; and

    H.    For all other relief this Court may deem just and proper.

Respectfully submitted,

<u>/s/Brian D. Flick, Esq.</u>
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Whitney E. Kaster (0091540)
DannLaw
15000 Madison Avenue
Lakewood, OH 44107
Phone: (216)373-0539
Facsimile: (216)373-0536
notices@dannlaw.com
*Counsel for Plaintiff Markayla Rowland*

## JURY DEMAND

Plaintiff Markayla Rowland hereby respectfully demands a trial by jury on all such claims that may be so tried.

/s/Brian D. Flick, Esq,.
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Whitney E. Kaster (0091540)
DannLaw
*Counsel for Plaintiff Markayla Rowland*
